**MARTIN BROS. v. McKNIGHT.　(No. 1380.)**

(Court of Civil Appeals of Texas.　El Paso. Nov. 16, 1922.)

**1. Evidence ⬅︎419(2)—Consideration for deed may be shown by parol.**

The real consideration for a deed may be shown to be different from that expressed therein by parol, except where the consideration expressed is contractual, and to permit proof would vary the terms of a written instrument.

**2. Evidence ⬅︎419(2)—Consideration for deed may not be varied by parol if contractual in nature.**

Where the consideration for a deed was alleged to be of contractual nature, parol evidence was inadmissible to vary its terms.

**3. Evidence ⬅︎441(8)—Prior agreements presumed to be incorporated in written contract.**

Where a petition charged that prior to the execution of a land sale contract it was verbally agreed that the lands might thereafter be leased for oil and gas by either party, that this agreement was not in writing, and that, though several months thereafter a final conveyance was executed to the purchaser, it did not contain the agreement, it must be presumed that all prior agreements were incorporated in the writings.

Appeal from District Court, Ector County; Chas. Gibbs, Judge.

Action by Martin Bros. against W. B. McKnight. From an order sustaining a demurrer to the petition and dismissing the suit, plaintiff appeals. Affirmed.

Tom. T. Garrard, Jr., of Midland, and Chastain, Judkins & Chastain, of Eastland, for appellant.

J. M. Caldwell, of Midland, and Blanks, Collins & Jackson, of San Angelo, for appellee.

HARPER, C. J. The material allegations of plaintiffs' petition are as follows:

"Heretofore about September 15, 1919, plaintiffs entered into an agreement by the terms of which plaintiffs agreed and bound themselves to convey to the defendant by general warranty deed the following described real estate: (Description follows.)

"In consideration of, among other things, the sum of $108,747.00, payable as follows: First, $34,157.00 cash; second, the assumption by the said defendant of the sum of $36,235.52 principal and interest due on the purchase price to the state; third, the assumption by the said McKnight of three vendors' lien notes payable to T. G. Hendrick, secured by lien on the land, $22,872.66 and the assumption of vendor's lien note for $15,508.80.

"As a further consideration for said premises it was agreed and understood between plaintiff and defendant that defendant or plaintiff should have the right to lease said lands for oil and gas, and in either event the said defendant was to pay to plaintiff any sum or sums secured by sale or lease of oil or gas or other minerals in and under said land in excess of ten cents per acre.

"Said agreement with reference to oil and gas was not in writing but that the other part of said agreement to transfer said lands was in writing, and it was agreed between the parties thereto at the time of making the agreement as above set out to reduce said contract to writing covering the leasing of the premises for oil and gas, that it was not set out in the original agreement for the reason that defendant falsely and fraudulently promised and represented to the plaintiff that he would execute a writing covering such agreement with plaintiff, because of such false and fraudulent representations plaintiffs were induced to sign and enter into said first described agreement; that he would not have made said sale of said lands or entered into said contract for such sale except for the promise of defendant to enter into such agreement; that by reason of said agreement he was fraudulently induced to sign said agreement and to make deed of conveyance December 4, 1919." That thereafter the defendants sold oil and gas leases on said lands, and received the consideration therefor of which plaintiff is entitled to $6,002.75.

The trial court sustained a general demur-

rer to this petition and dismissed the plaintiff's suit. This action of. the trial court is assigned as error and for which a reversal is asked.

The only proposition is:·

"The court erred to the injury and prejudice of these plaintiffs in sustaining a general demurrer * * * as is of record manifest."

If we comprehend appellant's contention, it is that this is a suit for debt created by a contemporaneous parol agreement for a consideration not expressed in the original writings, and that it could be shown by parol testimony upon the theory that the real consideration for the deed may be shown by parol testimony.

[1, 2] The real consideration for the execution of a deed may be shown to be different from that expressed therein by ·parol testimony, except where the consideration expressed is contractual in its nature and to permit the proof would be to vary the terms of the written instrument. This is not a suit to reform the instrument. The effect of the allegations is that the grantor had reserved an interest in the lands, viz. oil and gas underneath thereof.

Therefore, to permit plaintiff to prove such agreement would be to permit him to vary the terms of an unambiguous writing. No charge of mistake, and the allegation that it was agreed that a writing should thereafter be executed between the parties whereby the grantee was to acknowledge the reservation which was not done, is not sufficient to constitute an allegation of fraud. Sullivan & Co. v. Schreiner et ux. (Tex. Civ. App.) 222 S. W. 314, and cases there cited; Belcher v. Mulhall, 57 Tex. 17; Coverdill et al. v. Seymour, 94 Tex. 1, 57 S. W. 37.

[3] The petition charges that prior to the execution of the contract of sale it was verbally agreed that the lands might thereafter be leased by either party; that this agreement was not in writing; and though several months thereafter a final conveyance was executed to defendants, it did not contain the agreement. In such case it must be presumed that all prior agreements were incorporated in the writings.

Finding no error, the judgment is affirmed.