### PIERSON v. WARREN.

No. 9780.

Court of Civil Appeals of Texas. Galveston.

July 5, 1932.

Rehearing Denied July 21, 1932.

Henry W. Flagg, of Galveston, for plaintiff in error.

Thos. H. Dent, of Galveston, for defendant in error.

LANE, J.

This suit was brought by Junius Pierson, hereinafter referred to as appellant, against Thomas H. Warren, hereinafter referred to as appellee, in trespass to try title to certain real estate and for damages and to remove cloud from the title to such real estate.

The plaintiff below, appellant here, alleged that he is the sole heir of David Pierson, deceased; that David Pierson died on or about the 4th day of May, 1930; that at the time of his death he was the owner of lot 9 in block 71, together with all improvements thereon, located in the city and county of Galveston, state of Texas; that there has been no administration on the estate of David Pierson, and that there is no necessity for such an administration; that just prior to the death of David Pierson, to wit, on the 24th day of January, 1930, said David Pierson executed and delivered to Thomas H. Warren a deed conveying to him the lot above described upon an agreement entered into between the said David Pierson and Thomas H. Warren that for such conveyance Warren would pay all delinquent taxes due on the property conveyed, and save the same from tax sale, for the benefit and in behalf of said David Pierson and his son, Junius, as an accommodation to David Pierson and his son; that he would reconvey the property to the son of David Pierson, the plaintiff herein, upon the repayment to him of such taxes as were paid by Warren; that the true consideration for the conveyance was Warren's agreement to hold the property in trust for plaintiff, Junius Pierson, and pay all delinquent taxes for the accommodation of plaintiff and his father; that the negotiations on the part of Thomas Warren were conducted by himself and by one Henrietta Warren, acting as his agent; that Thomas H. Warren has never paid anything to David Pierson or to plaintiff or any taxes due on the property as a consideration for the deed executed by David Pierson, as he promised to do, but he is asserting title to the property under such deed and is withholding possession thereof from plaintiff.

The plaintiff alleged that Thomas H. Warren, since he acquired possession of the property by virtue of said deed, has collected as rentals from the property the sum of $600 to which plaintiff is entitled and which Warren refuses to pay to plaintiff; that the deed executed and delivered by David Pierson to Warren was procured by means of fraudulent representations made by Warren and his agent to the effect that the property was about to be sold for taxes; that, relying upon such representations as true, David Pierson executed the deed mentioned for the consideration above stated.

Plaintiff prays for judgment for the title and possession of the described property, for cancellation of the deed executed by David Pierson to Warren, and for his damages, etc.

Defendant Warren answered by special exception to plaintiff's petition, by general denial, and by pleading title to the property by virtue of the aforementioned deed.

A jury was chosen and sworn to try the cause, and after both parties had closed, the court instructed a verdict for the defendant, Thomas H. Warren. From such judgment the plaintiff has appealed by writ of error.

Upon the trial plaintiff offered one Carrie Nichols as a witness, who, if permitted to do so, would have testified that in the latter part of January, 1930, David Pierson talked to her about owing back taxes and told her that Henrietta Warren had come to him to take over his property; that she was to lend him $10 and give him other considerations, and that he agreed to turn the property over to Thomas H. Warren with the understanding that if he became able to pay back such consideration he would do so, and that if he was not able to do so, his son, Junius, would do so; that such conversation took place before David Pierson executed the deed to Thomas Warren; that he also talked to her about executing the deed after it was executed and told her that he had turned the property over to Henrietta Warren for $10 and other considerations, such considerations being that Thomas Warren would pay $140 back taxes due on the property and that in case he died or was not able to pay back the money to be paid out by Warren, his son, Junius, would pay the same; that while he was sick in bed Thomas Warren's wife came to him and asked him for the deed and that he told her: "You don't want my deed. I didn't sell my property or give it away. All you want is an abstract and when the money is paid back you tear that up." That he told her that he did not get the $10 recited as a consideration for the deed; that he had not received a penny; that he told her that Henrietta Warren told him that she wanted to save his property for him and that she would

pay the taxes, $140, to save his property, and that when he got able and paid the $140 she would give back the property; *that immediately before the execution of the deed David Pierson told her that Henrietta Warren had come to him to take over his property and pay his back taxes, that he did not then agree to let her have the property, but that later he agreed she might take it over,* and on the next day he told her that the property was going to be taken over *that evening;* that he told her that Henrietta Warren told him that the property was about to be sold for taxes.

Upon objection to such proffered testimony by counsel for appellee the court refused to let the same go to the jury. Whereupon appellant preserved his bill of exception to the ruling of the court and now in this court assigns the action of the court in rejecting such testimony as reversible error.

The deed referred to in the pleadings of both parties, and which was introduced in evidence, recites that for a consideration of the sum of $10 paid by Thomas H. Warren, and for other good and valuable considerations, David Pierson had granted, sold, and conveyed to said Thomas H. Warren the land and premises involved in this suit. Thomas H. Warren relies upon this deed as evidencing his title to the property.

It is apparent that appellant relied upon the proffered testimony of Carrie Nichols, as to what David Pierson stated with reference to the then contemplated conveyance, to show that the deed was intended by the parties as constituting Thomas Warren a trustee for David Pierson.

We think the proposed testimony of the witness stating what David Pierson told her about the intended execution of the deed and the purpose thereof was admissible, and that the court erred in excluding it.

Appellant's contention is that declarations and statements made by the grantor, David Pierson, deceased, to the witness Carrie Nichols, immediately prior to the execution of the deed, while he was still in possession of the property and premises conveyed, tending to show the true and actual considerations for the execution of the deed, and purpose and intentions of the parties in the execution and acceptance of such deed, were admissible as coming within the rule of res gestæ, and an exception to the hearsay rule, and therefore the court erred in excluding the same.

Appellant's contention is sustained regardless of the question of the applicability of the rule of res gestæ. In Hambleton v. Southwest Texas Baptist Hospital (Tex. Civ. App.) 172 S. W. 574, it is held that a parol trust may be ingrafted upon a conveyance of land and that in an effort to do so evidence of declarations of the vendor, then deceased, made before the execution of the conveyance were admissible to show such parol trust; that the grantor being dead, such evidence was not hearsay. It was also held that such declarations of the grantor, though not made in the presence of the grantee, are admissible. It was also held that evidence of a grantor's intention, at a time many years before the conveyance of land is made, is admissible to show a conveyance absolute on its face was subject to parol trust.

In Smith v. McElyea, 68 Tex. 70, 3 S. W. 258, 260, by our Supreme Court, it is said: "The trust on which the land was conveyed was not evidenced by the deed, nor by any other writing, nor was it shown that the purpose of the trust was declared at the time the conveyance was made to the trustee. The appellants rely upon declarations claimed to have been made by Mrs. Smith several days before the deed was executed; and the appellees, we think, were properly permitted to prove the declarations made by Mrs. Smith to her daughter on the day before she executed the deed, but after she had determined to do so, and had made all the necessary arrangements therefor."

In Wilson et al. v. Simpson, 80 Tex. 279, 16 S. W. 40, by our Supreme Court, it was held that the declarations of a grantor, deceased, in disparagement of his title, made six months prior to his conveyance, are admissible in evidence against the grantee.

In Goldman v. Blum et al., 58 Tex. 630, it is said: "What was said and done by the parties while the business [resulting in the execution of a note and a deed of trust] was being arranged, and the transaction was then depending, is admissible as part of the res gestæ, and is calculated, in the absence of direct evidence, to shed light on the real character of the transaction."

See Leakey v. Gunter, 25 Tex. 400, and Expansion Realty Co. v. Geren, 185 Mo. App. 440, 170 S. W. 928.

Having reached the conclusion that the court erred in excluding the testimony of Carrie Nichols as to what David Pierson told her prior to the execution of the deed, it becomes our duty to reverse the judgment and to remand the cause, and it is so ordered.

Reversed and remanded.