## NULL v. DE YOUNG.
### No. 9348.

Court of Civil Appeals of Texas.
San Antonio.

May 2, 1934.

Melvin R. Luter, of San Antonio, for appellant.

W. C. Douglas and Henry Lee Taylor, both of San Antonio, for appellee.

FLY, Chief Justice.

Appellee instituted an action of trespass to try title against appellant, to recover a certain lot of land in San Antonio, and on trial before the court, without a jury, judgment was rendered in favor of appellee for the title and possession of the property. Appellant offered no evidence of title, but claimed to have a right of possession to a room in the house and some outhouses. The court denied appellant the right to place in evidence certain testimony which tended to show an agreement upon the part of appellee to permit said appellant to occupy a room in the house and to grant other privileges to her, and this action on the part of the court is really all that is complained of in the judgment of the district court. In connection with the claim of appellant to possession of portions of the property, she pleaded res adjudicata of her claim in the county court at law of Bexar county. The statement of the case is that, prior to the time the action of trespass to try title was instituted, appellee had sought to evict appellant from the premises by an action of forcible detainer in the justice's court, which was decided against him, and he appealed to the county court, where possession to the property was decreed to be rightfully in appellant. There was no attempt to adjudicate title to the property in the county court, unless a decision against the eviction suit was a finding of title by possession. We conclude that this was not the intention of the county court which had no jurisdiction to determine the title to the property, and that it was merely intended to adjudicate the right of appellant to possession of parts of the buildings on the premises.

In order for the plea of res adjudicata to be well founded in this case, the same issues must have been determined between the parties in the county court as in the district court. In the case of Oklahoma v. Texas, 256 U. S. 70, 41 S. Ct. 420, 422, 65 L. Ed. 831, the following clear definition of res adjudicata is given: "A question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties sui juris is conclusively settled by the final judgment or decree therein so that it cannot be further litigated in a subsequent suit between the same parties or their privies whether the second suit be for the same or a different cause of action."

The Texas authorities, whether citing the United States Supreme Court or not, follow substantially the definition herein set out. We will test the plea in this case by that rule, and we find that in the county court case only one matter was determined, and that was that at that time appellant was not holding the possession of any part of appellee's premises in defiance of his authority. In this case appellee sued for the title and possession of his property, and appellant defended against that suit by setting up a claim to possession by reason of an oral contract between her and appellee, at about the time that she gave him a warranty deed to the

premises. She offered to prove this oral agreement, but the court refused to hear the testimony on the ground that it tended to vary the terms of the written contract as evidenced by her warranty deed to appellee. In this the court did not err. It would have had the effect of showing that, although she made a full and clear warranty title to appellant, she had reserved, outside of that written contract, certain rights of possession to the property which she had unconditionally sold. It would have been error to have permitted her to tack such condition on to her warranty deed. Such a verbal contract seems, on its face, to have been utterly improbable. Whether the county court entertained such testimony or not is not made known to this court, nor would it matter. No authority has been cited which sustains the contention of appellant. On the other hand, there are decisions of our state courts that sustain the ruling that the judgment of the county court in a forcible detainer case would not be res adjudicata as against a judgment in trespass to try title. Hickman v. Talley (Tex. Civ. App.) 8 S.W.(2d) 267; House v. Reavis, 89 Tex. 633, 35 S. W. 1063.

The case of Pridgen v. Furnish (Tex. Com. App.) 23 S.W.(2d) 307, is directly in point in upholding the action of the district judge in refusing to admit testimony as to the agreement claimed to have been made by appellant with appellee when she sold the property in question to appellee.

The judgment will be affirmed.