### RUSSELL v. RUSSELL et al.
### No. 10205.

Court of Civil Appeals of Texas. Galveston.

April 9, 1936.

Rehearing Denied May 14, 1936.

244

D. J. Wilson, of Galveston, for appellant.

Thos. H. Dent, of Galveston, for appellees.

LANE, Justice.

On and for some time prior to the 6th day of August, 1921, E. M. Russell and wife, Eleanor Russell, owned lot 15 in block 16 in the city of Galveston, Tex. On the day and date named, said parties by their deed conveyed said lot, together with the improvements thereon, to T. Lee Russell. The deed mentioned contains the following recitals:

"For and in consideration of the sum of $10.00, Ten and no/100 Dollars to us in hand paid by T. Lee Russell, Love and affection, other valuable considerations, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said T. Lee Russell of the County of Galveston, State of Texas, all that certain tract or parcel of land lying and being situated in the City and County of Galveston and the State of Texas, being known and designated on the map and plans of Galveston City Company now in common use as Lot No. Thirteen (13) in Block No. Sixteen (16)." Such deed contains the usual warranty clause.

On and for some time prior to December 11, 1933, T. Lee Russell and Carrabel Russell were husband and wife. On the 25th day of April, 1933, Carrabel Russell filed suit in the district court of Galveston county against T. Lee Russell, praying for a decree of divorce and for partition of community property. On the 11th day of December, 1933, judgment granting such divorce was rendered, wherein it is recited:

"And it further appearing to the Court that Lot 13, Block 16, in the City and County of Galveston, Texas, together with all improvements thereon, said property being also known as No. 1624 Avenue M, Galveston, Texas, is the community property of said plaintiff and defendant and that also certain household goods, some being in the possession of the plaintiff at the time of this trial and some being in the possession of the defendant at the time of this trial, are also community property of said parties; and it further appearing to the Court that a fair and equitable partition of said community estate should be as follows:

"That plaintiff be invested with the sole title and possession of all furniture and household goods now in her possession and that defendant be invested with the sole title and possession of all household goods now in his possession;

"That the property known as 1624 Avenue M, being Lot 13, in Block 16, in the City and County of Galveston, Texas, together with all improvements thereon, should be awarded one-half to the plaintiff and one-half to the defendant, as tenants in common, both portions being ratably and equally subject to all legal indebtedness and liens due against said property;

"And it appearing to the Court inadvisable at this time to order said property partitioned or sold. * * *

"It is further by the Court considered, ordered, adjudged and decreed that plaintiff and defendant each be, and they are hereby invested with an undivided one-half interest to said Lot 13, Block 16, in the City and County of Galveston, Texas, together with all improvements thereon, as tenants in common, with all the legal rights, privileges and remedies incident to such status.

"It is further by the court ordered, adjudged and decreed that defendant pay all costs of this proceeding."

On the 19th day of January, 1934, Carrabel Russell, the divorced wife of T. Lee Russell, instituted the present suit against T. Lee Russell praying for a partition between herself and T. Lee Russell.

T. Lee Russell answered by general demurrer and general denial only.

E. M. Russell and wife intervened in the cause, and for cause of intervention they alleged that they bought the lot involved in the suit and lived on it as their homestead continuously from the time of such purchase to the date of filing their petition; that the plaintiff and defendant were married in 1920 and came to live with interveners on the premises in question; that on September 8, 1921, they conveyed the locus in quo to their son, the defendant, for $10 and other considerations; "a part of other considerations being the express promise and agreement of the plaintiff and defendant to permit interveners to continue living on said premises until their death."

"That a few days prior to the execution of the aforesaid deed the Intervenors and the plaintiff and defendant discussed conveying the premises to the defendant and that it was thoroughly understood between the parties before the execution of the deed that the Intervenors were to continue living on said place the remainder of their lives without the payment of any rent whatever and that Intervenors have not paid any rent, neither to the plaintiff nor to the defendant.

"That the purpose of this intervention is for the cancellation of the aforesaid deed, and that if said deed be not cancelled the Intervenors, nevertheless, be permitted to remain on said premises the remainder of their lives, without the payment of any rent, said right to live on said premises being a part of the consideration for the deed."

They prayed for a cancellation of the deed, and in the alternative that interveners be permitted to live on the premises without the payment of rent for the remainder of their lives, and for all other legal and equitable relief authorized by the pleadings.

By supplement, plaintiff demurred generally to the interveners' petition and made general denial to the allegations thereto.

By paragraphs of said supplement she specially excepted to interveners' petition (1) because by the petition interveners were seeking to engraft on the deed in question an oral agreement thereby changing the terms of the deed without alleging fraud, accident, or mistake inducing interveners to execute the same; (2) because by such pleading it is sought to explain or contradict the terms of the deed by a parol or oral agreement different from the terms thereof; (3) because it is by such pleading shown that the oral agreement alleged by interveners, if made, was made prior to the execution of the deed; (5) because if the oral agreement alleged was made, it was without legal consideration sufficient in law to support it, and because it was in violation of article 3995 of the Revised Civil Statutes of Texas.

The cause was tried before a jury upon one special issue, in answer to which the jury found that as a part of the consideration for the deed executed and delivered by E. M. Russell and wife to T. Lee Russell it was agreed and understood by the parties thereto at the time and prior to such execution and delivery that E. M. Russell should have the right to live upon the property the remainder of his life.

Upon the verdict of the jury and the evidence, the court rendered judgment decreeing that E. M. Russell was entitled to live upon the property in question the remainder of his life, or until such time as he may abandon the premises as a home, and that plaintiff, Carrabel Russell, and defendant T. Lee Russell, are each the owner of an undivided one-half interest in the property involved in the suit, and that said property is incapable of partition in kind, and that plaintiff, subject to the right of E. M. Russell to reside upon the premises, would have the right to have the property sold and the proceeds divided between herself and defendant T. Lee Russell according to their respective interests.

It was further decreed that the plaintiff, Carrabel Russell, T. Lee Russell, and E. M. Russell each pay one-third of the cost, and that Mrs. E. M. Russell, wife of E. M. Russell, was entitled to no relief in the cause and that she take nothing by reason of the suit.

Carrabel Russell alone has appealed.

Appellant's first proposition for reversal of the judgment is that as it is shown by the deed in question that it is a conveyance of a fee-simple title to T. Lee Russell, with covenant of a general warranty, parol evidence was inadmissible to show that the grantor, as a part of the consideration for the execution and delivery of the deed, reserved the right to live upon the premises conveyed during his life, without the payment of rent, there being no allegation of fraud, accident, or mutual mistake in procuring the execution and delivery of the deed, the court erred in over-

ruling appellant's general demurrer and her first, second, and third special exceptions made to interveners' petition.

The testimony objected to as being inadmissible in proposition No. 1 and complained of in proposition No. 2 is that of three witnesses: First, that of intervener E. M. Russell, who testified that just prior to and at the time the deed in question was executed and delivered it was understood between him and the vendee, T. Lee Russell, that he, E. M. Russell, as a part of the consideration for such execution and delivery, reserved the right to live on the property conveyed the balance of his life, without the payment of rent; that had not such agreement been entered into by T. Lee Russell and himself he would not have conveyed the property to T. Lee Russell; second, that of L. W. Russell, a brother of T. Lee Russell, that his father, E. M. Russell, told him before the deed was executed and delivered that he would turn the property over to his brother, T. Lee Russell, and his wife under the understanding that he, E. M. Russell, should have a home in the house the balance of his days; and, third, that of the defendant T. Lee Russell, the vendee in the deed, to the effect that the agreement between him and his father, E. M. Russell, as a part of the consideration for the execution and delivery of the deed in question, was that he, T. Lee Russell, would assume all obligations, indebtedness, and provide a home for E. M. Russell as long as he lived. The ground of objection to such testimony was that it was inadmissible and would tend to vary or contradict the terms of the written instrument, there being no allegation of fraud or mutual mistake in the procuring of the execution and delivery of the deed.

■ On page 9 of appellant's brief the following statement and admission is made:

"One question, and one question only, is presented for determination under this and the two succeeding propositions, namely, the correctness of the action of the trial court in admitting parol evidence of the alleged oral agreement among the parties, alleged to have been made at or immediately prior to the execution and delivery of the deed offered in evidence, to the effect that plaintiff and defendant, in addition to the consideration named in the said deed, had, as a part of the consideration, verbally agreed to permit the intervenors to continue living on the premises conveyed, until their death."

We overrule appellant's contention that the admission of the testimony of the three witnesses named was error, as such testimony tended to vary or contradict the terms of the written instrument (the deed). Such testimony was not admitted for the purpose of varying or contradicting the terms of the written instrument, but it was admitted for the purpose of explaining and showing what was the other consideration expressed in the deed, and for such purpose it was properly admitted.

As already shown, the consideration for the conveyance expressed in the deed was $10 cash paid, love, and other considerations.

■ In 14 Texas Jurisprudence at page 812, it is said:

"When the whole consideration is not expressed in the instrument, parol evidence is admissible to supply the deficiency and to show that other or additional consideration was contemplated."

And under this text are cited numerous cases, among which are cases where the grantor was permitted to show that the true consideration was that he should be permitted to collect and retain rents from the property after the date of the conveyance, and that the grantor was to be permitted to live upon the property in one case as many as five years without payment of rent.

In the cases cited it was held that where the consideration clause of the conveyance read, "other valuable considerations," the grantor should be permitted to show by parol what such other considerations were, and may be permitted to show by parol evidence that such other considerations were that the grantor should be entitled to collect rents, or live upon and occupy the premises for a time after the delivery of the deed without the payment of rents.

In Applegate v. Kilgore (Tex.Civ.App.) 91 S.W. 238, it was said:

"It is contended that when a deed is made and no reservation is made therein of the rents, that such deed conveys the premises, including the growing crops, and a parol reservation of the rents for the current year is not binding and cannot be shown. We do not concur in this contention. This court, in Hamilton v. Clark, 26 S.W. 515, speaking through Justice Finley, announced the following principle as

laid down by Devlin on Deeds: 'Notwithstanding the general proposition that a reservation of an interest in real estate can be made only by deed; yet, in an action for use and occupation, parol evidence is admissible to show an agreement between the parties that the grantor might continue to use the premises. The effect of such evidence is not to contradict the deed, but to explain what was the actual consideration, and parol evidence for this purpose is admissible.'"

In Manton v. City of San Antonio (Tex. Civ.App.) 207 S.W. 951, 954, it was said:

"It may be stated in this connection that the evidence of Brown, Warren, and Jordt did not tend to vary the terms of the deed. The consideration recited in the deed was $1 and other considerations, and the evidence was properly admitted to show the real consideration. This is always permissible. Lanier v. Foust, 81 Tex. 186, 16 S.W. 994; Johnson v. Elmen, 94 Tex. 168, 59 S.W. 253, 52 LR.A. 162, 86 Am.St.Rep. 845; Robinson v. Clymer (Tex.Civ.App.) 170 S.W. 107."

In Grogan v. Lea (Tex.Civ.App.) 269 S.W. 1070, 1072, it was said:

"As a general rule the recitals of a written instrument as to the consideration are not conclusive, and it is always competent to inquire into the consideration and show by parol or other extrinsic evidence what the real consideration was." See Pierson v. Warren (Tex.Civ.App.) 52 S.W.(2d) 278, writ of error refused.

Appellant's further contention for reversal of the judgment is that there was no evidence showing that plaintiff, Carrabel Russell, ever agreed with E. M. Russell that he should have the right to live on the premises the remainder of his life.

Such contention, if true, presents no reason for the reversal of the judgment. Carrabel Russell was not a party to the deed. Such deed was a conveyance of the property in question by C. M. Russell and wife to their son, T. Lee Russell, only, and certainly at the time of the execution of the deed Carrabel had no interest therein and it was not necessary for her to make any agreement in the premises.

We agree with appellees that there is no contention, certainly no serious contention, on the part of appellant that the evidence, if admissible, was not amply sufficient to support the findings of the jury

that a part of the consideration for the deed was an agreement between the vendor and vendee that the vendor should have the right to remain and live upon the premises conveyed for the remainder of his life.

For the reasons above expressed, the judgment of the trial court is affirmed.

Affirmed.