CARRABEL RUSSELL V. THEODORE LEE RUSSELL ET AL.

No. 7141.   Decided November 9, 1938.
(120 S. W., 2d Series, 793.)

*Daniel J. Wilson,* of Galveston, for plaintiff in error.

Parol evidence is admissible to show that grantors reserved the right to live the remainder of their lives upon property conveyed by warranty deed. Guggerheim v. Dallas Plumbing Co., 59 S. W. (2d) 105; Holt v. Gordon, 107 Texas 137, 174 S. W. 1097; Heffron v. Cunningham, 76 Texas 313; 13 S. W. 259.

*Thos. H. Dent,* of Galveston, for defendant in error.

In a deed reciting the consideration to be a dollar and other considerations, the grantor may be permitted to show by parol what those true considerations were, provided they do not result in a reservation in the grantor of an actual interest in the fee to the land. Gulf, C. & S. F. Ry. Co. v. Jones, 82 Texas 156; Applegate v. Kilgore, 91 S. W. 238; Pierson v. Warren, 52 S. W. (2d) 278.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

On August 6, 1921, E. M. Russell and wife conveyed to T. Lee Russell by general warranty deed certain property in the city of Galveston. So far as a decision of the present case is converned the following is the pertinent portion of said deed:

"For and in consideration of the sum of $10.00, Ten and no/100 Dollars to us in hand paid by T. Lee Russell, Love and affection, other valuable considerations, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said T. Lee Russell of the County of Galveston, State of Texas, all that certain tract or parcel of land lying and being situated in the City and County of Galveston and the State of Texas, being known and designated on the map and plans of Galveston City Company now in common use as Lot No. Thirteen (13) in Block No. Sixteen (16)."

On December 11, 1933, judgment was entered in the District Court of Galveston County in a divorce proceeding brought by Carrabel Russell against T. Lee Russell declaring said Lot 13 in Block 16 to be community property, and award-

ing to said Carrabel Russell and T. Lee Russell each an undivided one-half interest therein. It was further declared inadvisable to order said property sold for partition at that time. On January 19, 1934, Carrabel Russell instituted this suit against T. Lee Russell for a partition of said lot. E. M. Russell and wife, the grantors in the deed to T. Lee Russell, intervened. They sought to defeat the partition and to retain possession of the property upon the ground that in addition to the consideration recited in the deed of conveyance to T. Lee Russell there was an additional consideration, consisting of the "promise and agreement of T. Lee Russell to permit interveners to continue living on said premises until their death." It appears undisputed that at the time E. M. Russell and wife executed the deed to T. Lee Russell they were living upon the land as their homestead and continued to live thereon until the institution of the present suit.

In the trial of the case parol proof was admitted, over the objection of plaintiff Carrabel Russell, which was sufficient to establish the promise and agreement on the part of T. Lee Russell to permit E. M. Russell to reside upon the land so long as he might live. Only one special issued was submitted, and in response to same the jury found that as a part of the consideration for the deed executed by E. M. Russell and wife to T. Lee Russell, it was agreed and understood by the parties that said E. M. Russell should have the right to live upon said property the remainder of his life.

Based upon this finding, the trial court decreed that Carrabel Russell and T. Lee Russell were each entitled to an undivided one-half interest in the land, but that E. M. Russell was entitled to live thereon the remainder of his life, or until he abandoned the premises. The wife of E. M. Russell was denied any relief. The court ordered the property sold to accomplish partition, but the sale was to be made subject to the right of E. M. Russell to reside upon the premises the remainder of his life. Carrabel Russell appealed. The judgment of the trial court was affirmed by the Court of Civil Appeals. 94 S. W. (2d) 243. The application of Carrabel Russell for writ of error was granted. She will be referred to herein as plaintiff. E. M. Russell is the real defendant in error, and will be designated defendant.

The sole question in the case is the correctness of the action of the court in admitting the parol evidence referred to, and, based thereon, awarding to E. M. Russell the right to occupy said lot during his lifetime. Defendant seeks to uphold this

action of the court by invoking the old familiar rule which permits, except in certain instances, parol proof to explain the true consideration of the conveyance. That rule, however, cannot have application when the parol proof has the effect of limiting, qualifying, or imposing a condition upon, the estate conveyed; and especially if the attempt is to show a reservation of an interest in contradiction of the clear import of the conveyance. Ord v. Waller, 107 S. W. 1166; Sutor v. International & G. N. Ry. Co., 125 S. W. 943 (Writ ref.); Kruegel v. Nitschmann, 15 Texas Civ. App., 641, 40 S. W. 68 (Writ ref.); Martin Bros. v. McKnight, 245 S. W. 447; Null v. DeYoung, 71 S. W. (2d) 335; Morriss v. Hesse, 210 S. W. 710, and authorities there cited. The holding of the court in the case last mentioned was expressly approved by the Commission of Appeals in 231 S. W. 317. The attempt in the present case was to show by parol proof the reservation of no less than the homestead interest of E. M. Russell, with right of possession which would defeat the free enjoyment of the premises and prevent partition of the lot. This certainly impaired and reduced the estate conveyed and warranted, as is clearly shown by the cases cited above. The trial court ordered sale of the property subject to the right of E. M. Russell to occupy the premises during the remainder of his life. It is obvious that this might practically destroy the sale value of the property, and thus greatly impair the estate of the plaintiff.

Defendant in brief in the Court of Civil Appeals stated that if said parol proof was inadmissible, then the judgment should be reversed and judgment rendered in favor of plaintiff denying the right of possession of the property by defendant E. M. Russell.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is reformed so as to deny any right of possession, use or occupancy of the lot in question by defendant in error E. M. Russell; and as so reformed is affirmed.

Opinion adopted by the Supreme Court November 9, 1938.