The HOME INSURANCE COMPANY,
Appellant,

v.

Cecil BROWNLEE, Appellee.

No. 4525.

Court of Civil Appeals of Texas,
Eastland.

April 24, 1972.

Johnson, Guthrie & Pierce, Robert Lee Guthrie, Dallas, for appellant.

Ben D. Sudderth, Comanche, for appellee.

COLLINGS, Justice.

Cecil Brownlee, assignee of George E. Ripley, brought this suit against The Home Insurance Company to recover on a policy of insurance for damage to a dwelling caused by fire. The defendant issued an

insurance policy to George E. Ripley, contracting to insure a dwelling in Comanche County against loss or damage from fire. Brownlee was not an assured named in the policy but was an assignee of Ripley, the named assured. The dwelling was destroyed by fire and Brownlee brought suit on the policy. He recovered judgment against the defendant for $4,000 with interest at the rate of six per cent (6%) from the date of the judgment. Home Insurance Company has appealed.

The record shows that on June 2, 1967, Home Insurance Company issued its policy, being a Texas standard form policy, to George E. Ripley as the assured, insuring a dwelling located near Comanche, Texas against fire in the maximum sum of $4,150 for a term of three years commencing June 2, 1967 and terminating June 2, 1970. The dwelling suffered a fire loss on October 17, 1969. The policy of insurance issued by appellant provided that appellant would not be liable "following a change in ownership of the insured property" and appellant plead this clause of the policy as a defense. On October 1, 1969, seventeen days before the fire occurred, George E. Ripley, joined by other Ripleys involved, executed a warranty deed conveying the fee simple title to the dwelling in question to Cecil Brownlee. The deed recites a total consideration for the conveyance of $17,875 which Brownlee paid to Ripley by check. Seven days before the fire the deed was delivered by Brownlee or his attorney to the County Clerk of Comanche County for recordation and it was recorded on October 14, 1969. Brownlee is not named as an assured in the policy sued on. On March 26, 1970, more than five months after the loss occurred, Ripley assigned to Brownlee all of his right, title and claims against any insurance company arising out of the above mentioned loss. Contrary to the above evidence the trial court in its findings stated that the evdience was insufficient to show a completed transaction bringing about a change of ownership of the insured property at the time of its destruction by fire; that the evidence was insufficient to establish that the assured Ripley was not the real owner of the property involved at the time of the loss, and that the evidence was insufficient to establish that any other person except Ripley owned any interest in the dwelling at the time the loss occurred. Appellant excepted to such findings on the ground that the evidence conclusively shows that prior to the fire Ripley and others had conveyed the house in question to Brownlee by a warranty deed for the consideration of $17,875 and that such deed was placed on record before the fire. Appellant further contended that the record showed conclusively that there was no evidence, or that the evidence was insufficient to show that Ripley was the unconditional and sole owner of the property at the time of the fire, but on the contrary showed that whatever interest Ripley had in the dwelling was conveyed to Brownlee before the fire. These objections were overruled by the trial court and appellant duly excepted thereto.

In appellant's first and second points it is contended that the policy here sued upon provides that the insurance company shall not be liable for a loss following a change of ownership; that Ripley, the assured, conveyed fee simple title to the property to Brownlee before loss occurred, and therefore neither Ripley nor his assignee of the policy after the loss, Brownlee, could recover on the policy; and that the court erred in permitting Brownlee to testify over appellant's objections that the recorded deed showing a transfer of fee simple title to the residence from Ripley and others to Brownlee before loss, was subject to an oral agreement that Ripley was entitled to live in the house until the first of the year following the conveyance, because such evidence sought to limit, qualify, or impose a condition on the absolute title conveyed in the written recorded deed.

■ Appellant Home Insurance Company sets out in its brief the documentary evidence showing the conveyance of a fee simple title to the dwelling involved from

Ripley and others to Brownlee for a total consideration of $17,875, the payment of the consideration, and the recording of the deed before loss occurred. Appellant cited the terms of the Texas Standard Form policy suspending liability in case of change of interest and the Texas authorities holding such terms to be reasonable, and decisions of Texas courts enforcing same. Ripley, the named assured and assignor of Brownlee, under these circumstances warranted that the insured dwelling would be occupied by the owner. While Ripley was occupying the dwelling at the time of the loss he had ceased to be the owner. The above referred to provisions of the Texas Standard Form policy are construed by our courts as a warranty which must be strictly complied with or the policy will be void. Fidelity Union Insurance Company v. Pruitt, 23 S.W.2d 681 (Tex.Com.App.1930).

Brownlee says, in effect, that he does not question the accuracy of appellant's presentation of the documentary evidence nor of the legal authorities, but asserts that they have no application in the instant case because there was an oral agreement between Ripley and Brownlee that the conveyance of the property would not take effect on the day the deed was recorded in the deed records of Comanche County, which was three days before the loss by fire occurred, but that the deed was not to take effect until January 1, 1970, more than two months after the fire. Such testimony was offered by Brownlee and accepted by the court. The facts are undisputed that the total consideration for the conveyance recited by the deed was paid by Brownlee to Ripley prior to the fire. The consideration was retained by Ripley and Brownlee has never asked that it be returned. Ripley did not testify that such an oral agreement was made nor did Brownlee's lawyer who closed the deal between the parties testify that there was any such oral agreement.

■ The law in Texas is well settled that where a deed is delivered, the recited consideration paid and the deed recorded, parol evidence is not permissible to show that the deed was to take effect only on the fulfillment‹ of a condition precedent. In 32 Tex.Jur.2d, Section 268 at page 447 it is stated that:

"The validity of a provision of an insurance policy declaring the policy void in case of any change in interest, title or possession is not open to question."

See also Maryland Casualty Company v. Palestine Fashions, Inc., 402 S.W.2d 883 (Tex.Sup.Ct.1966); Lowe v. Michigan Fire and Marine Ins. Co., 236 S.W.2d 168 (Tex.Civ.App.—Beaumont 1950, writ ref.); Springfield Fire and Marine Ins. Co. v. Morgan, 202 S.W. 784 (Tex.Civ.App.—Texarkana 1918, no writ hist.).

■ Appellee contends that parol evidence is always permissible for the purpose of showing no consideration. It is held, however, that this rule is not applicable when, as here, the proof has the effect of limiting, qualifying or imposing a condition upon the estate conveyed, especially if the attempt is to show a reservation of an interest in contradiction of the clear import of the conveyance. Russell v. Russell, 132 Tex. 73, 120 S.W.2d 793 (Com. of App. 1938); Holt v. Gordon, 107 Tex. 137, 174 S.W. 1097 (Tex.Sup.1915).

■ The policy sued upon provides that appellant Insurance Company should not be liable for a loss following a change of ownership, and the record shows that Ripley, the assured, did convey fee simple title to the property to Brownlee before the loss occurred. The parol evidence herein was not admissible to show that the deed was subject to an oral agreement that Ripley was entitled to live in the house until the first of the year following the conveyance. Under this record neither Ripley nor his assignee Brownlee could recover on the policy.

For the reasons stated the judgment is reversed and judgment is rendered that Brownlee recover nothing.