EAST LINE AND RED RIVER RAILROAD CO. v. A. J. B. GARRETT.

1. EVIDENCE—RAILROAD COMPANY.—In a suit to recover damages from a railroad company, caused by the alleged false and fraudulent representations of the company's agents, to the effect that they would locate a depot on plaintiff's land, whereby plaintiff was induced to convey to the road the right of way over his land, the plaintiff was permitted to testify that four members of the board of directors for the road had told him, before the conveyance was made, that he should have a depot on his land; one of them stating, before the deed was made, that the company had agreed to give him a depot: *Held*, Error—

    1. Because the testimony did not disclose the powers of the directors, or that they had authority to bind the company by such declarations.

    2. Because the testimony did not show that the directors made the declarations when performing an act authorized by the company.

2. DEED—RECITALS—CONTRACT.—A deed conveying right of way to a railroad company, and accepted by it, which recites that it is made in consideration of one dollar in hand paid by the company, and the "further consideration that the said company will locate its railroad on my lands situated in Marion county," is not only a receipt for purchase-money paid, but a contract between the parties that the grantor had conveyed the right of way and the company would construct its road over the same.

3. CONTRACT—DEED.—To permit a contemporaneous condition to be ingrafted on a deed in writing, it should be upon proper allegations of fraud, accident, or mistake, and upon clear and satisfactory evidence.

4. CASES APPROVED.—Grooms v. Rust, 21 Tex., 219, and Mead v. Randolph, 8 Tex., 196, approved.

ERROR from Marion.    Tried below before the Hon. B. T. Estes.

Garrett, defendant in error, brought suit in the District Court of Marion county against the East Line and Red River Railroad Company, alleging that the company, on the 1st of January, 1877, forcibly, and without the consent of Garrett, entered upon and appropriated a portion of his land, surveyed by virtue of the J. H. Johnson headright, and constructed the road-bed of the company through his land for the distance of one mile, appropriating about twelve acres of the value of $20 per acre, claiming damages for timber cut and, other trespasses in the sum of $1,000, and prayed judgment for $5,000.

On April 26, 1878, the company answered, denying the allegations in the plaintiff's petition, admitting that the road had been constructed through Garrett's land covered by the Alexander Johnson survey, and alleging that the right of way over all of Garrett's land in Marion county had been acquired by the railroad company by deeds duly executed by Garrett and his wife, one dated June 30, 1876, the other October 24, 1876, and that these deeds were executed without any reservation and for the consideration therein mentioned.

April, 1879, Garrett filed a supplemental petition, alleging that the land was located by virtue of the Alexander Johnson headright, and not the J. H. Johnson, as formerly stated, and that the road was built over two other surveys belonging to Garrett, to wit, the W. C. Ward and J. J. Ward, appropriating about seventeen acres of the land, with the timber thereon; denying that the company ever purchased the right of way over either of the tracts of land; alleging that if he and his wife ever executed the deeds to the right of way, the same were procured by the false and fraudulent representations of the company and its agents; that the railroad company agreed and promised Garrett, that if he would make a deed to the right of way, the company would place a depot on the land near his residence and establish a shipping point there; that solely upon the faith of this promise and

agreement, and for this consideration only, he executed the deeds referred to; that the company failed to so locate the depot, but placed it at Lassater, just beyond his land; that the company caused the removal of the post-office from his place, at Sydney, to Lassater, and forced him to discontinue business as a merchant, by reason of all which he was damaged $5,000. He alleged that the consideration for the deeds had failed, and prayed their cancellation and judgment for his damages.

To this supplemental petition the company filed special exceptions and denied all the allegations therein, averring that the deeds covered the right of way over all the plaintiff's land in Marion county.

The exceptions to so much of the supplemental petition as claimed damages for the removal of the post-office were sustained.

On April 26, 1879, the case was tried; verdict for Garrett for $500, upon which judgment was rendered. The plaintiff seems chiefly to have relied on the declarations of individual directors of the road, to the effect that he should have a depot, made before the deeds were executed; but no such considerations were expressed in the deeds.

Motion for a new trial being overruled, the railroad company brings the case here by writ of error.

*M. L. Crawford*, for plaintiff in error.

I. The court erred in its charge to the jury in this: the jury were instructed, in substance, that the deed to the right of way must be for a valuable consideration before it could avail the defendant.

A voluntary conveyance, or a gift accompanied by possession and improvements on the part of the vendee, passes a good title.

Defendant below averred in the original answer that plaintiff below had granted the right of way over the land, by deeds dated June 30, 1876, and October 24, 1876.

These deeds were read in evidence, and, by their terms,

granted the right of way over all Garrett's land in Marion county.

There was no contest over the deed dated October 24.

The court charged, that to the extent that the evidence shows that Garrett had conveyed the right of way to the railroad company for a valuable consideration, plaintiff could not recover.

II. The facts constituting the cause of action must be set forth fully and distinctly, and if not proved as laid, the foundation of the action fails. Plaintiff cannot aver one set of facts, and prove another as their substitute or equivalent. (Gammage *v.* Alexander, 14 Tex., 418; Hall *v.* Jackson, 3 Tex., 310; Teal *v.* Terrell, 48 Tex., 491; Kerr on Fraud and Mistake, 382, 383.)

[Counsel argued under this proposition that the evidence did not show a contract to give a depot as a consideration for the deeds, and that the expectations of Garrett, based on conversations with directors, that such a depot would be made, would not supply the place of the distinct contract alleged.]

III. The judgment is against the law and evidence in this: plaintiff having executed and acknowledged his deed to the right of way, ought not, upon the unsupported testimony of himself, set it aside or ingraft upon it conditions not mentioned in the deed.

There is no contest as to the deed executed October 24, 1876, and the only evidence offered to impeach the deed dated June 30, 1876, was the testimony of the plaintiff himself. (Cuney *v.* Dupree, 21 Tex., 219; Miller *v.* Thatcher, 9 Tex., 484; Whart. on Ev., sec. 932, note 4; Kerr on Fraud and Mistake, 383.)

*G. T. & C. S. Todd,* for defendant in error.—The testimony is positive and affirmative, and not directly negatived. It shows the false representations and inducements to obtain the deed. (Henderson *v.* S. A. and M. G. Railroad Co., 17 Tex., 560; Story on Const., secs. 409, 506, *et seq.*)

BONNER, ASSOCIATE JUSTICE.—The first error assigned is, that "the court erred in its charge to the jury in this: the jury were instructed, in substance, that the deed to the right of way must be for a valuable consideration before it could avail defendant."

From one clause of the · charge, abstractly considered, it might be inferred that it was the opinion of the presiding judge that a valuable consideration was necessary to convey the right of way, as this was the converse of the proposition therein stated.

But, taking the charge as a whole, this is not the proper construction to be given to it, as, in a subsequent portion, the jury were instructed that the issue presented by the plaintiff on this branch of the case was the want of consideration in the deed made to defendants, joined with false and fraudulent representations made by the company and its agents in its procurement.

The plaintiff claims damages for the failure of defendant to carry out an alleged contract to locate a depot on his land.

Upon this point the defendant assigns as error substantially that the verdict was contrary to the evidence.

If the verdict was based upon the testimony on this issue, then we think that it was clearly without evidence to support it, the plaintiff himself testifying that there was no such contract.

Plaintiff further claims to recover by reason of false and fraudulent representations of defendant and its agents that they would locate a depot upon his land, by which he was induced to execute the deed.

Upon this issue is based the seventh error assigned, viz.:

"The court erred in permitting plaintiff to testify to declarations of Harrison, Taylor, and Russell, directors in the road, when it was not shown, or attempted to be shown, that, when when the declarations and admissions were made, said directors were doing any act for the railroad, as appears by bill of exceptions number 2.

"Plaintiff below testified that Harrison, Bateman, Taylor, and Russell told him, before the deed. dated June 30, 1876, was executed, that he should have a depot on his land, and that Russell, more than a month before the deed was executed, stated that the company had agreed to give him a depot, but that he must give two or three acres for depot-houses, which evidence was objected to by the defendant below, as shown by bill of exceptions number 2, and was by the court admitted in evidence."

The testimony does not disclose the number or the powers of the directors, or that they had authority to bind the company by any such declarations as those imputed to them; neither is it shown that these declarations were made when they were in the performance of any act authorized by the company, so as to make them a part of the *res gestæ.*

In our opinion, the exceptions to this testimony were well taken, and there was error in its admission. (Whart. on Ev., sec. 1174.)

The ninth error assigned is as follows: "The judgment is against the law and evidence in this: plaintiff having executed and acknowledged his deed to the right of way, ought not, upon the unsupported testimony of himself, set it aside or ingraft upon it conditions not mentioned in the deed."

The attention of the presiding judge seems not to have been called to this question, as the point does not appear to have been taken in the motion for a new trial or otherwise, and thus presented should not, of itself, be sufficient to reverse the judgment.

As the case will be remanded, we deem it, however, proper to say that the deed expressly recites as the consideration the sum of $1 in hand paid by the defendant, and the "further consideration that the said company will locate its railroad over my lands situated in Marion county."

As this deed was executed by the plaintiff and accepted by the defendant, this recital is more than a bare receipt of the payment of the purchase-money: it is also the written evidence

of a contract between the parties that the plaintiff would grant the right of way, and that the defendant would construct its road over the same.

To permit a parol contemporaneous condition to be ingrafted upon a deed in writing, it should be upon proper allegation of fraud, accident, or mistake, and upon clear and satisfactory evidence.

It has been repeatedly held by this court that, to ingraft a parol trust upon a deed, the testimony should be clear and satisfactory, and should be scanned "with a strict and scrutinizing eye." (Grooms v. Rust, 27 Tex., 234; Cuney v. Dupree, 21 Tex., 219; Mead v. Randolph, 8 Tex., 196; Markham v. Carothers, 47 Tex., 21.)

The tenth error assigned is, that the verdict and judgment are excessive.

Upon the testimony of the plaintiff himself, we think this error well taken.

He testified that none of the timber on the right of way was used by the defendant, and none cut thereon except such as was necessary for the construction of the road. The only damage shown to have been sustained by him is as follows:

| | |
|---|---|
| Seventeen acres, at $5 per acre......... .................... | $85 00 |
| Three acres, W. C. Ward survey, $5 per acre.......... | 15 00 |
| Three acres, J. J. Ward survey, $5 per acre............ | 15 00 |
| One hundred and eighty acres, W. C. Ward survey, 50 cents....... ................................... ........... | 90 00 |
| | $205 00 |

Under this estimate, the verdict, being for $500, was excessive, and should have been set aside and a new trial granted.

For the above errors, the judgment is reversed and the cause remanded.

Reversed and remanded.