### GRAVES v. GRAVES et al.
### No. 2417.

Court of Civil Appeals of Texas. El Paso.
April 3, 1930.

Rehearing Denied April 17, 1930.

Newton & Newton, of San Antonio, for appellant.

Eskridge & Groce and Hal Browne, all of San Antonio, for appellees.

PELPHREY, C. J.

On December 5, 1925, appellant executed a deed to three parcels of land in the city of San Antonio, Texas, to appellee, then his wife. The deed contained the following provisions:

"* * * For and in consideration of the sum of One ($1.00) Dollar to me in hand paid by my wife, hereinafter named, the receipt of which is hereby acknowledged, and for the further consideration of the love and affection which I bear to my said wife, have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey unto Catherine Cooper Graves, of Bexar County, Texas. * * *

"It is the intention of this conveyance to convey a full fee simple title unto my said wife, Catherine Cooper Graves, her heirs and assigns forever, subject to my retaining a life estate in said property, and at the time of my death, a full fee title shall vest in the said Catherine Cooper Graves. It is further intended that all incomes and rents of said property shall belong to me but that I shall have no right to sell or convey a greater interest than my life estate.

"To Have and To Hold the said premises, together with all rights, hereditaments and appurtenances thereto belonging, until the said grantee above named, her heirs and assigns forever, subject to each and all of the foregoing conditions."

On March 3, 1926, appellant and appellee, in a joint deed conveyed all the property to Carl C. Wurzbach, as trustee. On the same date Wurzbach conveyed the property to appellant, who, in turn, executed the following deed:

"The State of Texas, County of Bexar.

"Know All Men By These Presents: That, I, Amos Graves, of San Antonio, Texas, for and in consideration of the sum of One Dollar ($1) to me in hand paid by my wife, hereinafter named, the receipt of which is hereby acknowledged, and for the further consideration of the love and affection which I bear to my said wife, and for the further consideration that said grantee shall, by her will of even date herewith, give and devise the property hereinafter described to this grantor in the event that he should survive her, and for the further consideration of her agreement to join in the execution of any and all instruments necessary for the extension or refinancing of the indebtedness now existing against said property, have granted, sold and conveyed, and by these presents do grant, sell and convey to Catherine Cooper Graves, of Bexar County, Texas, all those certain lots or parcels of land situated in the City of San Antonio, County of Bexar, and State of Texas, described as follows: (Here follows description of property.)

"It is the intention of this conveyance to convey a full fee simple title unto my said wife, Catherine Cooper Graves, her heirs, and assigns, forever, subject however, to my retaining a life estate in said property. It is further intended and agreed that the income and rent of said property shall be applied to the payment of taxes, insurance and interest, and the grantee shall be entitled to require this to be done, and any surplus thereafter shall belong to the grantor.

"To Have and To Hold the said premises, together with all rights, hereditaments and appurtenances thereto belonging, unto the said grantee above named, her heirs, and assigns forever, subject to each and all of the foregoing conditions. And I do hereby bind my heirs, and legal representatives to warrant and forever defend the title to the said property unto the said grantee above named, her heirs, and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof, subject to all encumbrances now existing against said property and any extensions thereof, and also subject to all leases and contracts existing on or against the same at the time of my death.".

On June 29, 1927, appellee was granted a divorce from appellant in the Seventy-Third district court of Bexar county.

Subsequently the lumber yard property located on South Flores street was sold, and, after paying liens due on some of the other property, the remainder of the proceeds of such sale were deposited part in Groos National Bank and part with E. B. Chandler & Company.

On August 15, 1928, appellant filed this suit against appellee, the Groos National Bank, and the individuals comprising the firm of E. B. Chandler & Co., praying a cancellation of the deed theretofore executed by him to appellee, a judgment against her for title and possession of the King William street property and damages at the rate of $150 per month on said property; in the alternative, if said property should be held to be the community property of appellant and appellee, that he have judgment foreclosing a lien in his favor thereon in the sum of $14,000; a judgment against the Groos National Bank and E. B. Chandler & Co. for the amounts deposited with them; and, that in case the deed be not canceled that he have judgment against her for $16,000, and that same be declared a lien against her interest in the property superior to the lien of the Commercial National Bank to whom appellee was indebted.

Later the court ordered the moneys on deposit with the Groos National Bank deposited with E. B. Chandler & Co. to be held by them together with the funds held by them subject to the further orders of the court.

On the 14th day of June, 1929, upon a trial before the court, cancellation of the deed in question was refused; the funds in the hands of E. B. Chandler & Co. ordered divided between appellant and appellee, share and share alike; possession of the King William street property was awarded to appellant together with judgment for $500 rent thereon against appellee, and the establishment of a lien on any of the property in favor of appellant by reason of the payment by him of the mortgage indebtedness was denied.

This appeal has been duly prosecuted from such judgment.

### Opinion.

Appellee has filed a motion to strike out and not consider appellant's brief. While the brief may not strictly conform to the rules of briefing, yet, under the liberal practice adopted by this court, it will be considered and the motion overruled; it sufficiently presenting the questions sought to be determined.

Appellant presents the following grounds upon which he seeks a reversal of the judgment: (1) That the court erred in refusing to set aside the deed from him to appellee; (2) that the court erred in refusing appellant a judgment against appellee for the $16,000 in-

debtedness on the property discharged by him and in refusing to foreclose a lien in his favor on the property; (3) that the court erred in awarding appellee one-half of the funds deposited with E. B. Chandler & Co.; (4) that the court erred in rendering judgment in his favor for only $500 as damages for the occupation of the King William street property; (5) that the court erred in holding that as long as the parties holding a mortgage on the property were not asking for a foreclosure, appellant was not entitled to have that question decided as between him and appellee; (6) that the court erred in dismissing the defendants E. B. Chandler & Co., the Groos National Bank and the Commercial National Bank without awarding him the costs in the garnishment proceeding brought by the Commercial National Bank against E. B. Chandler & Co., and the Groos National Bank, and (7) that the court erred in rendering judgment against him for one-half the costs.

The above included in the eight assignments of error, but under appellant's propositions, as we view them, only the following questions are presented: 1. The correctness of the court's action as to the cancellation of the deed. 2. The fixing and foreclosure of a lien upon appellee's interest in the property. 3. The division of the funds in the hands of Chandler & Company.

Under the first question appellant asserts that the deed in question did not convey a fee-simple title to appellee but only a contingent remainder; that the conveyance being made to his wife for a nominal consideration is impliedly made on the condition that the marital relation will continue and that if such relation is terminated by her she must return the property and that she has the burden of showing that she obtained a divorce upon grounds arising after the conveyance was made; and that if the consideration of a deed is based wholly or in part on contractual obligations assumed by a married woman, such obligations are not binding upon her and can constitute no consideration for the deed.

We do not agree with appellant's contention that appellee's interest is only a contingent remainder, but think it is clearly a vested remainder subject to being divested by the happening of a condition subsequent. 23 R. C. L. pp. 501 and 509; Bunting v. Speek,

41 Kan. 424, 21 P. 288, 3 L. R. A. 690; Caples et al. v. Ward, 107 Tex. 341, 179 S. W. 856.

We are further of the opinion that the deed above quoted contains contractual considerations and obligations to which appellee might plead her coverture, but that appellant is not relieved by reason of the fact that she might not be bound. Speer's Law of Marital Rights (3d Ed.) § 217, p. 272.

Therefore, the consideration being contractual in its nature, the consideration expressed cannot be explained, qualified or added to by parole, and the proposition of appellant that the deed carried with it an implied obligation on appellee's part to continue the marital relation is not sound.

The questions as to the division of the proceeds of the sale of the lumber yard property as well as the fixing of a lien on the remaining property for the amount used in paying off mortgages thereon, seem to be settled by the agreement testified to by appellee. She testified as follows: "I recall when the matter came up for discussion between Dr. Graves and myself as to whether we should sell what is known as the Hillyer-Deutsch property, Dr. Graves brought up the discussion, and we sold the property. We agreed out of the proceeds of the sale to pay all the debts we owed and he told me if we sold that he would get me a home. I would have my home clear. I would not have any debt, and that if anything should happen to him that I could manage to get the garage out of debt and have an income, and we were to pay the debts. And if there was any balance remaining we were to use it as community interest, and it was entered in the Groos National Bank as community property to pay bills with."

Evidently the trial court refused to fix the lien on the property and divided the remaining funds share and share alike upon the above agreement.

Appellee had a vested remainder in the property and appellant could not give full title to the property without a conveyance from her of such interest, the agreement testified to by her was founded on a sufficient consideration and amply supported the action of the trial court in the judgment rendered.

We have considered the questions presented by appellant in his brief, and, finding no error, the judgment of the trial court is affirmed.