## GUGGENHEIM v. DALLAS PLUMBING CO. et al.

### No. 1655—6114.

Commission of Appeals of Texas, Section A.

April 19, 1933.

George T. Burgess, of Dallas, for plaintiff in error.

J. L. Zumwalt, of Dallas, for defendants in error.

HARVEY, Presiding Judge.

■ On March 16, 1927, C. R. Guggenheim conveyed to Carl Wolff a certain lot on Prospect street in the city of Dallas. The lot had a building on it. The deed executed by Guggenheim shows that the property was conveyed subject to an outstanding lien there described, and that the consideration for the conveyance was $50 cash paid by Wolff, and the execution by the latter of his note for $3,200. To secure the payment of this note, the vendor's lien was expressly reserved in the deed, and, in addition, a deed of trust on the property was executed by Wolff. Both instruments were promptly recorded. The deed of trust conferred on the trustee therein the usual power of sale. In December, 1927, the note for $3,200 being unpaid, the trustee duly sold the property in accordance with the terms and provisions of the deed of trust, and Guggenheim became the purchaser at such sale. In the meantime, Wolff had caused extensive repairs and improvements to be made on the building situated on said lot. The repairs and improvements so made became an integral part of said building, and are of such nature that same cannot be separated from the lot and building. In making such repairs and improvements, Wolff became indebted to various materialmen who furnished material for said work. These materialmen fixed their liens against the property in accordance with the statutes. They seek in the present suit to foreclose their said liens, claiming that their liens were superior to the deed of trust lien of Guggenheim, and therefore were not affected by the foreclosure sale under the deed of trust. As basis for this claim of superiority for their liens, said materialmen alleged that as part of the consideration for the conveyance of said property by Guggenheim to Wolff, the latter agreed to make the repairs and improvements in question. Over the objection of Guggenheim, the materialmen introduced parol testimony to show that such agreement was made as alleged; and from this testimony the jury found that such agreement was so made. There was nothing in the deed or the deed of trust to show that such an agreement was made. Upon the verdict of the jury, in the respect mentioned, the trial court gave judgment for the materialmen and foreclosed their respective liens on the property. The materialmen contend that by requiring Wolff to make the agreement mentioned, as part of the consideration for the property conveyed, Guggenheim subordinated his purchase-money lien to such liens as might thereafter become attached to

the property, for material furnished Wolff for the making of the required repairs and improvements. The Court of Civil Appeals, 42 S.W.(2d) 268, as well as the trial court, sustained this contention. The Court of Civil Appeals further held that said materialmen were strangers to the deed in question, and therefore were entitled to prove, by parol testimony, that the consideration therefor included the said agreement respecting said repairs and improvements. Whatever may be said regarding the holding of the Court of Civil Appeals as to the effect of an agreement of that sort, it is certain that parol testimony is incompetent to prove that such an agreement was made in the present instance. It is well settled that the contractual terms of a deed or other written instrument cannot be varied by parol testimony, where fraud, accident, or mistake is not involved. Cobb-Hollman Lumber Co. v. Leichty (Tex. Com. App.) 41 S.W.(2d) 18, and authorities cited. The status of the lien of Guggenheim, except in respect to the pre-existing outstanding lien mentioned in the deed, is in no wise qualified by any language appearing in the deed or deed of trust. According to the legal effect of the terms of those instruments, the status of Guggenheim's lien was superior to that of the subsequent liens of the materialmen. The materialmen propose to introduce into the instruments a contractual provision or term which is not there. This they cannot do by parol testimony. They are not strangers to said instruments. Whatever rights they acquired in the property were acquired in privity with Wolff. As lienholders under Wolff, they stood in privity with him, and are bound by the terms of the deed and deed of trust the same as Wolff or Guggenheim would be.

■ Another phase of the case, relative to the Prospect street lot, needs to be noticed. Joe E. Lawther, a party to the suit, claims to hold a lien on the property which he says was superior to the Guggenheim lien, and therefore was not affected by the foreclosure sale under the deed of trust. The facts in this respect are substantially as follows: Wolff, for the purpose of making said repairs and improvements on the property, borrowed $3,000 from the Liberty State Bank and executed a mortgage on the property to secure payment of his note for the $3,000. The borrowed money was used for the purpose for which it was borrowed. Lawther acquired the note and lien from the bank. He alleged, and the jury found: (1) That, about the time the loan was made to Wolff, Guggenheim represented to the bank that he (Guggenheim) had promised Wolff that when the improvements in question were completed, he (Guggenheim) would lend Wolff a sum of money sufficient to cover the cost of said improvements; (2) that the bank relied on said representation in making the loan to Wolff; and (3) that Guggenheim failed to comply with his said promise to Wolff. Lawther contends that by virtue of these facts, Guggenheim became estopped to assert his prior lien as against the bank. We are unable to discover in the situation any reason for the application of the rules of estoppel to the extent claimed. It may be conceded that, in a proper case, Guggenheim would be estopped, as against the bank or its assignee, to deny that the promise to Wolff was made as represented. But we fail to see that in the present instance either the fact that such a promise was made to Wolff, or that same was breached by Guggenheim, would operate to estop the latter, as against the bank, from asserting his superior lien against the property. There was no privity of contract between Guggenheim and the bank, respecting the proposed loan to Wolff. Nothing but equitable estoppel is relied on as displacing Guggenheim's lien. In making the loan to Wolff, the bank necessarily relied on the assumption that Wolff, if he secured the promised loan from Guggenheim, would use part of the borrowed money to pay his note to the bank.

There is another lot and building involved in the case, but the questions relating to that property are materially the same as those which relate to the Prospect street property.

We recommend that the judgment of the trial court and that of the Court of Civil Appeals be reversed, and that judgment be here rendered for the plaintiff in error.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both reversed, and judgment rendered for the plaintiff in error, as recommended by the Commission of Appeals.