Robert I. Wilson, Kerrville, for appellant.

Wieser, Kraus & Wieser, Fredericksburg, for appellee.

**Phillip CRENWELGE, Appellant,**

v.

**Anita F. CRENWELGE, Appellee.**

No. 13473.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 2, 1959.

Rehearing Denied Sept. 30, 1959.

POPE, Justice.

Phillip Crenwelge has appealed from a judgment in a divorce suit and complains only of that part of the judgment which divided the community property between him and his wife. The trial court held that a 640-acre tract of land was community property. Phillip Crenwelge contends that only 320 acres of the tract was community and that the other 320 acres was his separate property by force of a gift from his parents, and that the deed which conveyed the land mistakenly provided for a contractual consideration when it should have recited that it was a gift to him from his parents. The trial court excluded proof of mistake because there were no pleadings to support the proof. The judgment will be affirmed.

Anita F. Crenwelge commenced the suit and alleged that the community estate included 640 acres of described land. Phillip Crenwelge filed an inventory of property and it showed only 320 acres of community real estate. The case commenced before a jury, but during trial both parties waived a jury. Phillip and Anita were married on October 27, 1934. The proof showed that Phillip's parents, on March 5, 1936, deeded the 640-acre tract to their son Phillip Crenwelge and to their son-in-law, Theodore Ranslaben. The deed did not recite that it was a gift, but that it was given for a cash consideration of $1,000 and a vendor's lien note for $4,000 payable in five years. Ranslaben and his wife later conveyed their interest in the same land to Phillip Crenwelge for a consideration of $2,150.

■ During the trial, Phillip offered to prove that 320 acres out of the 640 acres was a gift. He had not pleaded fraud or mistake, and the court properly sustained the objection that the terms of the 1936 deed could not be varied by parol. Since Phillip was a party to the transaction, and the consideration for the land was contractual, parol evidence could not vary the terms of the deed. Hodge v. Ellis, 154 Tex. 341, 277 S.W.2d 900; Lindsay v. Clayman, 151 Tex. 593, 254 S.W.2d 777; Kahn v. Kahn, 94 Tex. 114, 58 S.W. 825.

Phillip then asked leave to amend and allege mistake. The court at first permitted the amendment but instructed Phillip's counsel to state into the record the substance of the amendment so the case could proceed, and told him he could reduce the amendment to writing later. Counsel then stated into the record that in the year 1936 Phillip's parents went to an attorney and instructed him to prepare a deed of gift to 320 acres of the land, and to prepare another deed by which Phillip Crenwelge and Theodore Ranslaben would purchase the other 320 acres. The draftsman mistakenly prepared a single deed which showed that all the land was purchased and none

of it was a gift. He alleged that there was fraud, accident or mistake, and asked that the deed be reformed.

Phillip then again offered evidence of the mistake, and again Anita objected on several grounds. Her first objection to the new offer of evidence to prove mistake was that the mistake was not new to the defendant (Phillip), that he could have known of it at any time but said nothing of it in his original pleading; that Phillip was, in the course of the trial, making a new claim of gift not included in any previous pleading; that she (Anita) should be given time to investigate the new claim. She objected further on the grounds that the mistake must be a mutual mistake. The trial court then asked Mrs. Meta Crenwelge some questions. She was Phillip's mother and was on the witness stand while these things were transpiring. She was going to testify about the gift when Anita objected to the evidence and the amended pleadings. The trial judge examined the 1936 deed, which on its face shows that it was not a gift. The trial court then sustained the objection and refused to hear the evidence about the claimed gift. The result was that the court held there was community realty of 640 acres instead of only 320. The trial court, in making the ruling stated, " * * * I'm going to sustain the objection and you can make the bill." The court then permitted evidence to be adduced on the bill. From this sequence of events, the court first stated that Phillip would be permitted to amend, Phillip stated the substance of his trial amendment, Anita then renewed the objection that new matter was being brought in when she had no opportunity to investigate it, and the court sustained the objection. The record shows that the trial court refused the amendment instead of granting it.

■ When Phillip undertook to prove that the 1936 deed mistakenly included 320 acres too much land, and that it therefore was not community property, a new action was presented and one different from which

Anita announced ready for trial. The court did not abuse its discretion in disregarding the trial amendment. Rule 66, Texas Rules of Civil Procedure; Texas Employers' Ins. Ass'n v. Dillingham, Tex.Civ.App., 262 S. W.2d 748; Lightner v. McCord, Tex.Civ. App., 151 S.W.2d 362, 367.

The judgment is affirmed.