T. R. UNDERWOOD, Appellant,

v.

J. D. LIVINGS, Appellee.

No. 4331.

Court of Civil Appeals of Texas.

Waco.

April 15, 1965.

Rehearing Denied April 29, 1965.

C. C. Divine, Houston, for appellant.

Bill Hilford, Houston, for appellee.

WILSON, Justice.

Plaintiff's petition in this case prayed for determination of defendant's interest in the tract of land in controversy, for accounting and partition. Defendant alleged he claimed under a regular chain of title, asserted adverse possession and an alternative claim for improvements. Defendant pleaded the land had been claimed as community property of himself and his deceased wife, and was their homestead. He prayed for an accounting. Plaintiff is the son of decedent by a previous marriage.

The court found the land was the separate property of defendant's deceased wife (plaintiff's mother); that it was not a homestead; that upon the death of defendant's wife intestate the title passed to her son, the plaintiff, subject to a lien in favor of the community estate "for improvements thereon" plus an additional sum as "community debt for such improvements." Judgment was rendered for plaintiff for title and possession, the judgment reciting that plaintiff had tendered to defendant the sums representing plaintiff's portion of the improvement costs adjudged.

We have experienced difficulty in comprehending appellant's position from the briefs. He first complains of the determination the land was the separate property of defendant's deceased wife. It was stipulated she acquired the property by gift from her father before marriage. It was thus her separate property. Art. 16, Sec. 15, Texas Constitution, Vernon's Ann.St.;

Colden v. Alexander, 141 Tex. 134, 171 S.W.2d 328, 334.

Although he presents no point so asserting, and we again have difficulty in understanding his position, we interpret defendant's brief as contending the plaintiff failed to establish a right to partition because the property was defendant's homestead. The court did not order partition. If the contention (not so asserted) is that the evidence is inadequate to support the finding, we hold it is legally sufficient.

The final point is that if the land was the separate property of defendant's deceased spouse, the court erred in ordering reimbursement for improvements. Appellant's brief does not explain the point, and we would be justified in refusing to consider it. Appellee says appellant does not complain of the measure the trial court used, but agreeing with the measure, "wants to be reimbursed for 100% of the cost of improvements instead of adjusting the equities."

The basis of reimbursement of the surviving spouse for improvements made by the community on the separate property of the deceased spouse is the amount of enhancement in value of the property. Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620, 628. See Lindsay v. Clayman, 151 Tex. 593, 254 S.W.2d 777.

The state of the evidence adduced by appellant on improvements made it difficult for the trial court to determine what reimbursement, if any, the community was entitled to. As to a "down payment" on a house built on the property, it appears contribution of the wife's separate real property represented $1200 thereof, and appellant testified the remaining cash payment "could have been" her separate property. There is evidence from which the court could have inferred that the total cost of improvements paid for by the community funds was as much as $600, and that there is an outstanding $385 community debt for

improvements. Judgment was based on these figures. There is no evidence as to the amount by which community improvements enhanced the value of the property. There is evidence from which the court could properly conclude that rentals collected by appellant exceeded community payments on indebtedness. Affirmed.