**Affirmed and Memorandum Opinion filed August 4, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00168-CV

**RICHARD LEGGIO, Appellant**

**V.**

**MARY RACHEL LEGGIO FLORIAN, Appellee**

**On Appeal from the 311th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-14886**

## MEMORANDUM OPINION

In this appeal from a final decree of divorce, the question presented is whether the trial court abused its discretion when it awarded three real estate properties (the "Three Properties") to the wife ("Rachel") over a claim by the husband ("Richard") that all of the properties were his separate property. For the reasons given below, we conclude that the trial court did not abuse its discretion.

# BACKGROUND

During their marriage, Richard and Rachel acquired multiple real estate properties. Some properties were acquired in the names of both spouses, whereas others, including the Three Properties, were acquired solely in the name of Richard (or in the case of one of the Three Properties, in the name of Richard and his brother).

At the time of divorce, the Three Properties were still held by Richard, but Rachel claimed that they belonged to the community, and she requested Richard's interests in them in the trial court's division of the marital estate. Richard opposed Rachel's request on the ground that the Three Properties were his separate property, and the case proceeded to a nonjury trial.

Richard testified during the trial that he purchased the Three Properties with cash. He also testified that the cash came from the corpus of a personal asset trust and that the trust was established when his parents died, which occurred before he married Rachel.

Rachel did not contest that the Three Properties were purchased with cash from Richard's trust, but for at least two reasons, she still urged the trial court to find that the Three Properties were community property. First, Rachel argued that the trust corpus converted to community property because Richard, as the trustee, had access and control over the corpus. Second, Rachel argued that Richard violated the terms of the trust when he deposited community monies into it, which resulted in a commingling of funds.

In the final decree of divorce, the trial court found that Richard did not carry his burden of proving that the Three Properties were purchased with his separate property. The trial court found that the Three Properties were purchased with

community property, and the court awarded Rachel all of Richard's interests in them in the division of the marital estate.

Richard now brings this appeal from the decree of divorce. Rachel has not filed a brief.

## ANALYSIS

In a decree of divorce, the trial court must order a division of the marital estate in a manner that is just and right, having due regard for the rights of each party. *See* Tex. Fam. Code § 7.001. The trial court is afforded wide discretion when making this just and right division, but that discretion does not extend to taking the separate property of one spouse and awarding it to the other spouse. *See* Tex. Const. art. XVI, § 15; *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 142 (Tex. 1977). If the trial court mischaracterizes a spouse's separate property as community property and erroneously awards some of that property to the other spouse, then the trial court's decree of divorce must normally be reversed in part and the case remanded for a new division of the marital estate, unless no harm has been shown from the erroneous division. *See In re Marriage of Harrison*, 557 S.W.3d 99, 140–42 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *Sharma v. Routh*, 302 S.W.3d 355, 360 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

In this case, Richard argues that the trial court reversibly erred by mischaracterizing the Three Properties as community property and by awarding his interests in them to Rachel. Our analysis of this argument begins with the statutory presumption that the Three Properties were community property because they were "possessed by either spouse during or on dissolution of marriage." *See* Tex. Fam. Code § 3.003(a). As the party claiming that the Three Properties were actually his separate property, Richard had the burden of rebutting this community-property

presumption. *See Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011) (per curiam).

Rebutting the community-property presumption requires an application of the inception-of-title rule. *See Zagorski v. Zagorski*, 116 S.W.3d 309, 316 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). This rule provides that the character of property as either community or separate is determined by the time or circumstances in which a person first acquires an ownership interest in the property. *See, e.g.*, *Lindsay v. Clayman*, 151 Tex. 593, 598, 254 S.W.2d 777, 780 (1952); *Carter v. Carter*, 736 S.W.2d 775, 780 (Tex. App.—Houston [14th Dist.] 1987, no writ). Under this rule, if a person acquires property before marriage, then the property is considered to be separate, regardless of how it was acquired. *See* Tex. Fam. Code § 3.001(1). But if the person acquires property during marriage, then the property is considered to be community, unless, for example, the person acquires the property by gift, devise, or descent, because those are all circumstances in which our law recognizes that the character of the property is separate. *See* Tex. Fam. Code § 3.001(2).

There was no dispute in this case that the Three Properties were acquired during Richard's marriage to Rachel. Thus, the timing of their acquisition provides no basis for treating the Three Properties as separate. Nevertheless, Richard argued that the Three Properties were still his separate property because of the circumstances in which they were acquired. More specifically, Richard argued that the Three Properties were his separate property because they were purchased with funds from his personal asset trust, and the title to those funds vested in him before his marriage to Rachel.

Richard's argument invokes the longstanding rule that separate property does not lose its character when it takes on new form—i.e., that separate property begets

4

separate property. *See Dixon v. Sanderson*, 72 Tex. 359, 362, 10 S.W. 535, 536 (1888) ("Property purchased with money, the separate property of husband or wife, or taken in exchange for the separate property of either, becomes the separate property of the person whose money purchases or whose property is given in exchange, in the absence of some agreement, express or implied, to the contrary."); *Barras v. Barras*, 396 S.W.3d 154, 167 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) ("Property established to be separate remains separate property regardless of the fact that it may undergo mutations or changes in form; its separate character is not altered by the sale, exchange, or substitution of the property.").

To avail himself of this rule, Richard was required to prove that the Three Properties were purchased with funds that were his separate property, in a process that is otherwise known as "tracing." *See Nguyen v. Pham*, 640 S.W.3d 266, 272 (Tex. App.—Houston [14th Dist.] 2021, pet. denied). The degree of proof required to satisfy this tracing burden is by clear and convincing evidence. *See* Tex. Fam. Code § 3.003(b). "Clear and convincing evidence" means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction that the allegation sought to be established is true. *See* Tex. Fam. Code § 101.007.

Expert testimony is not strictly necessary under this heightened evidentiary standard, though such testimony can be helpful when separate and community funds have been commingled. *See, e.g.*, *Beard v. Beard*, 49 S.W.3d 40, 61–62 (Tex. App.—Waco 2001, pet. denied) (a certified public accountant traced the history of a bank account). Lay testimony from an interested spouse can be sufficient, but the testimony must usually be corroborated by another witness or by documentation. *See, e.g.*, *In re Marriage of Ard*, No. 14-14-00808-CV, 2016 WL 3901902, at *11 n.14 (Tex. App.—Houston [14th Dist.] July 14, 2016, pet. denied) (mem. op.) (a spouse traced separate property with account documents and a spreadsheet). "As a

general rule, mere testimony that funds came from a separate source, without any tracing of the funds, will not constitute the clear and convincing evidence necessary to rebut the community presumption." *Weltch v. Estate of Weltch*, No. 14-20-00113-CV, 2021 WL 6141184, at *5 (Tex. App.—Houston [14th Dist.] Dec. 30, 2021, no pet.) (mem. op.).

Richard did not produce any expert witnesses in this case. In lieu of expert testimony, he offered his own lay testimony that the Three Properties were purchased with cash from his personal asset trust, which he claimed as his separate property. There are at least two problems with this lay testimony.

First, Richard acknowledged during the trial that he deposited community monies into his trust, which resulted in a commingling of funds. And while Richard asserts in his appellate brief that any such commingling occurred after he acquired the Three Properties, Richard has not supported that assertion with any citations to the record, which was his burden. *See* Tex. R. App. P. 38.1(i).

Second, Richard did not establish any corroboration for his lay testimony. He called no other lay witnesses who testified that the Three Properties were purchased with separate-property funds from his trust. Nor, as far as we can tell, did he produce any documentation tracing the source of his funds. Absent such corroborating proof, the trial court was free to determine that Richard did not rebut the community-property presumption by clear and convincing evidence. *See Ganesan v. Vallabhaneni*, 96 S.W.3d 345, 354 (Tex. App.—Austin 2002, pet. denied) ("The record reflects that the only evidence appellant provided was his own testimony that he had certain accounts prior to his marriage to Vallabhaneni, out of which he made payments for the ranch, and several exhibits purporting to establish the separate nature of those accounts. However, Ganesan's testimony is limited to naming the institutions holding his accounts; neither his testimony nor the exhibits provide

account numbers, statements of accounts, dates of transfers, amounts transferred in or out, sources of funds, or any semblance of asset tracing."); *Osorno v. Osorno*, 76 S.W.3d 509, 512 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("Henry argues that accounts listed in the decree totaling almost $100,000 were designated his separate property in the parties' premarital agreement. But the only evidence as to the source of funds placed in those accounts was Henry's testimony; no deposit slips or bank records were offered tracing the money to support Henry's claim. Without tracing, Henry's testimony cannot overcome the community property presumption.").

Because the trial court could have reasonably concluded that Richard did not satisfy his tracing burden, we need not consider Richard's remaining arguments, which challenged whether his separate-property trust was converted to community property because of his access, control, or mismanagement. *See* Tex. R. App. P. 47.1.

## CONCLUSION

The final decree of divorce is affirmed.


/s/    Tracy Christopher
Chief Justice


Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.